814 So.2d 755 (2002)
Claude Patrick BURCH, Plaintiff-Appellee,
v.
Wendy Mae Wernli BURCH, Defendant-Appellant.
No. 35,717-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
Rehearing Denied May 2, 2002.
Writ Denied June 21, 2002.
*756 Kimberly S. Smith, Shreveport, for Appellant.
Ronald J. Miciotto, Shreveport, James D. Hall, Bossier City, for Appellee.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
Wendy Burch ("Wendy") appeals the judgment of the trial court denying her motion to dissolve the temporary restraining order and preliminary injunction brought by her ex-husband, Claude Burch ("Claude"). For the reasons expressed herein, we affirm.

FACTS
This case was a procedural morass. Nonetheless, we will list the relevant dates and motions. Claude and Wendy were divorced on January 6, 2000. Prior to the judgment of divorce, the parties had entered into stipulated judgments concerning the custody of the minor child, Cody Patrick Burch. The judgment granted the parties joint custody and named Wendy as the domiciliary parent. Wendy sought to move to California where she and Claude resided during their marriage and where her family currently resides. On May 19, 2000, Claude filed a petition in the district court for partition of the community together with a rule to modify custody and rules for contempt against. Prior to these filings, Wendy filed in the juvenile court a request for a temporary restraining order, and protective orders, together with a request that visitation be stayed and a claim for sole custody of the minor child. Because the proceedings in the juvenile court were pending Claude's petition was filed the district court, the district court continued its proceedings pending resolution of *757 the juvenile court proceedings. At the conclusion of the juvenile court proceedings, the court granted Wendy sole custody of the child on the basis that Claude had a history of family violence and limited his visitation to supervised visits until he completed a program of anger management classes. On August 10, 2000, Wendy filed a motion for recognition of the order of the juvenile court in the district court together with a claim pursuant to the Prevention of Family Violence Relief Act of La. R.S. 9:361 et seq. and 46:2131 and a rule for relocation and contempt. After a series of motions, trial was finally set for May 7, 2001. At this time both parties made stipulations in compromise of the rules that were pending before the court. After verifying that each party understood the agreement, the trial court rendered judgment dismissing the rules for contempt filed by both parties with prejudice, and dismissing without prejudice the request for relocation. The trial court adapted the judgment of the juvenile court, only modifying the judgment with regard to specified visitation, and requiring that Wendy provide proof of automobile insurance with 10 days of the judgment.
On May 8, 2001, Claude filed a request for restraining orders and permanent injunctions and obtained an order from the court reissuing the previous temporary restraining order issued on November 10, 2000, prohibiting relocation. A rule was also made returnable for May 24, 2001, for hearing on the permanent injunction prohibiting Wendy from relocating. In response to these filings, Wendy filed a motion for dissolution of the temporary restraining orders, damages and attorney fees, sanctions, and an exception of no right of action. Hearing was set for June 1, 2001. However, also on May 24, 2001, Claude filed a second request for temporary restraining orders and preliminary injunctions. This request attempted to address the procedural defects in the motion for dissolution. The trial court signed the order containing the temporary restraining orders and preliminary injunctions and set a hearing on the rule for preliminary injunctions on June 18, 2001.
On June 11, 2001, Wendy filed an exception of prematurity and res judicata and reasserted the exception of no cause of action. Hearing on all pending exceptions was set simultaneously with the other pending matters on June 19, 2001. At the June 19 hearing, the trial court denied all the exceptions filed by Wendy as well as the request for dissolution of the restraining order and attorney fees. Further, the trial court granted Claude a preliminary injunction prohibiting Wendy from relocating the residence of the minor child from the parishes of Caddo or Bossier. This appeal followed. The appellant raises the following specifications of error: 1) the trial court erred in failing to grant the motion for dissolution of the temporary restraining order signed on May 8, 2001; 2) the trial court erred in failing to grant appellant's request for damages and attorney fees for the wrongful issuance of the temporary restraining order signed on May 8, 2001; 3) the trial court erred in failing to sustain the peremptory exception of no right of action and no cause of action; 4) the trial court erred in failing to sustain the peremptory exception of res judicata; and 5) the trial court erred in granting the preliminary injunctions prohibiting Wendy from removing the residence of the minor child, Cody Burch, from Caddo or Bossier Parish or in the jurisdiction of the court in the absence of evidence presented by the appellee.

DISCUSSION
Despite the difficulties presented by the procedural complexities of this case, the *758 central issue before this court is whether the trial court properly granted a preliminary injunction prohibiting Wendy from removing the domicile or principal place of residence of the minor child, Cody, from the jurisdiction of the court. Nonetheless, we will address each assignment of error raised by the appellant in her brief.

Temporary Restraining Order
Under La. C.C.P. art. 3603, a temporary restraining order shall be granted without notice when:
(1) it clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2) the applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim should not be required.
Wendy contends that the temporary restraining order was procedurally defective because it failed to state specific reasons as to why it was being granted without notice and because it was held in place longer than the maximum time allowed under the law. However, the trial court granted Claude's motion for a temporary restraining order after learning that Wendy desired to move back to California and take the minor child with her. This move would undoubtedly disturb the joint custody and visitation arrangement Wendy had with Claude. Consequently, the court stated that in order for Wendy to relocate to California, she would have to file a rule for relocation so that the court could then set a date for a full evidentiary hearing on the matter. It is obvious from the record that the court was concerned about the dramatic alteration in the custody and visitation that Wendy's proposed move to California would cause.
Further, the temporary restraining order was maintained from May 8 until June 19, 2001, because of scheduling conflicts with both parties that prohibited a hearing in the prescribed 10 days of in the initial issuance of the restraining order. Therefore, the contention that the temporary restraining order was wrongfully issued is without merit,
Accordingly, we also find that the trial court did not err by failing to award attorney fees in connection with the dissolution of the restraining order. Such an award is clearly within the discretion of the court. La. C.C.P. art. 3608. There was not an abuse of discretion by the trial court. Thus, this assignment is also without merit.

No Right/No Cause of Action
Wendy asserts that the trial court erred by failing to sustain her exception of no right and no cause of action as it related to Claude's motion for a temporary restraining order. Wendy asserts that Louisiana law precludes someone who was adjudicated an abusive parent from the legal remedies available under injunctive relief. The trial court succinctly stated that it was affording Claude the injunction he sought based on serving the best interests of the child. Claude was under a restraining order pending his completion of an anger management course as per the ruling of the juvenile court which had been adopted by the district court. The trial court determined that the best interests of the child were served by granting the injunction sought by Claude. We have consistently held that courts have the discretion to adjust custody or visitation arrangements to serve the best interests of child. See Hill v. Hill, 34,104 (La.App. 2nd Cir.01/24/01), 777 So.2d 1263.
*759 We also reject the appellant's contention that the trial court erred by failing to sustain her exception of res judicata. Wendy asserts that the dismissal of her request to relocate mooted the necessity of Claude's injunction. However, the trial court found that it was necessary to maintain the preliminary injunction to prevent Wendy from moving to California, outside of the jurisdiction of the court, before having an evidentiary hearing before the court. The record is clear. Wendy desired to relocate to California and take the minor child with her. It is upon the foundation of this evidence alone that the court based its grant of Claude's preliminary injunction. Contrary to Wendy's contention, the court was not impinging on her constitutional freedom to travel, but rather was only subjecting it to the requirements for relocating a child subject to joint custody as set forth in La. R.S. 9:355.1 et seq. Further, Wendy's motion to relocate was dismissed without prejudice. La. R.S. 9:355.1 et seq provides the proper procedure to file for relocation, so Wendy is not without remedy. Thus, we find no error in the court's grant of a preliminary injunction prohibiting Wendy to relocate the child to California without permission of the court.

CONCLUSION
Based on the foregoing, we affirm the ruling of the trial court. Costs are assessed to appellant.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY, and DREW, JJ.
Rehearing denied.